# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| GEORGE JOSEPH THIRD RAUDENBUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-475 |
| ) | (Phillips) |
| CITY OF ENGLEWOOD, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the court on United States Magistrate Judge C. Clifford Shirley's Order on Application to Proceed Without Prepayment of Fees and Report and Recommendation ("R&R") [Doc. 3], and the plaintiff's Motion for Extension of Time to File Complaint and to Respond to the Report and Recommendation [Doc. 4].

On December 22, 2009, Judge Shirley granted the plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Doc. 1]. Judge Shirley also recommended that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii), for being "frivolous" or for failing to state a claim upon which relief may be granted. [Doc. 3].

On January 11, 2009, the plaintiff filed a motion requesting an extension of time [Doc. 4]. It is not certain what deadline the plaintiff was trying to extend, but it appears he wants to extend the deadline for responding to Judge Shirley's R&R. [*Id.*]. In that document, the plaintiff states the following:

> [The plaintiff] has just received the courts [sic] Order on Applacation [sic] to Proceed Without Prepayment of Fees and Report and Recommendations. George Joseph Third; Raudenbush will need sufficient time to respond to present these truths and facts to the U.S. Court and its members which are of great concern not only to the people of Tennessee but effecting [sic] all those peoples abiding in the United States. Therefore under these circumstances George Jospeh Third; Raudenbush humbly requests sufficient time to properly prepare this case for proper presentment to members of the U.S. Court.

1

[Id.]. Having considered the plaintiff's motion [Doc. 4] and Judge Shirley's R&R [Doc. 3], the court **ADOPTS THE R&R IN ITS ENTIRETY**. This case is **DISMISSED WITHOUT PREJUDICE**, with leave for the plaintiff to re-file here or in state court. In addition the plaintiff's Motion for Extension of Time [Doc. 4] is **DENIED AS MOOT**.

**I.      Judge Shirley's R&R [Doc. 3]**

Title 28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). § 1915 allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing an affidavit stating that he is unable to pay the costs of the lawsuit. In determining whether the plaintiff may proceed *in forma pauperis*, the court examines the financial status of the plaintiff.

However, even if a court allows a plaintiff to proceed *in forma pauperis*, the plaintiff must still demonstrate that his complaint is not frivolous. § 1915(e) allows the district court to dismiss an action filed *in forma pauperis*, if it is frivolous or fails to state a claim on which relief may be granted. In deciding whether the case should be dismissed, the district court examines whether the plaintiff's complaint "lacks an arguable basis either in law or in fact." *Id*. at 325.

In an R&R filed on December 22, 2009, Judge Shirley granted the plaintiff's request to proceed *in forma pauperis*. Judge Shirley then recommended to dismiss the case pursuant to 28 U.S.C. § 1915(e) for being frivolous or for failing to state a claim upon which relief may be granted. [Doc. 3]. The court agrees with both of Judge Shirley's decisions.

Both Congress and the United States Supreme Court have recognized the potential abuse in allowing a plaintiff to proceed *in forma pauperis*: "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id*. at 324. To prevent this abuse, § 1915(e) authorizes federal courts to dismiss a claim filed *in forma pauperis* if the action is frivolous or fails to state a claim upon which relief may be granted.

2

The distinction between a § 1915(e) frivolousness dismissal, and a Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissal, is that § 1915(e) "is a lower hurdle to clear." *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). However, even with the lower pleading standard, a complaint filed in a § 1915 proceeding will be dismissed if it "lacks an arguable basis either in law or in fact." 490 U.S. at 325. In determining whether a complaint is "frivolous," the district court examines both the legal and factual basis of the action, reviewing only the complaint:

> [§ 1915] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist. . . Examples of the latter class are claims describing fantastic or delusional scenarios . . .

*Id.* at 328-29.

On November 5, 2009, the plaintiff filed a Notice of Removal in which he attached what appears to be his complaint [Doc. 2]. Typically, when an action is removed to federal court, the removing party files a pleading with the court that is attached with the notice of removal. The plaintiff did not file a separate document labeled "complaint," so the court is left to assume that the document attached to the plaintiff's Notice of Removal [Doc. 2] is his complaint. The court will now address this document to determine whether it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.

The complaint begins with a page titled, "Applacation [sic] for Permission to Appeal." [Doc. 2.]. It appears that the plaintiff is trying to remove an application to appeal a case [Case No. E2008-01850-SCR11-CV] that is pending before the Tennessee Supreme Court. However, as Judge Shirley recognized, the plaintiff failed to provide legal support for his "removal" request. Even with the more lenient standard for *pro se* plaintiffs, the complaint does not meet the minimum threshold for pleading.

3

First, the plaintiff has not provided a basis for federal jurisdiction over this case. The plaintiff has not alleged that this case arises under a "federal question" pursuant to 28 U.S.C. § 1331, nor has the plaintiff alleged that the court has jurisdiction due to diversity of citizenship between the parties under 28 U.S.C. § 1332. The plaintiff has simply sought to remove this case without providing any proper basis for removal.

Second, the plaintiff has not specified a cause of action in his complaint. It appears that the plaintiff is trying to appeal an "application for appeal" that he filed with the Tennessee Supreme Court. This is not a cause of action upon which this court may grant relief.

In summary, the plaintiff's complaint is "frivolous" under § 1915 because it fails to provide a basis for federal jurisdiction, and it pleads a cause of action that this court cannot grant relief for. Even under the more lenient standard for complaints filed under § 1915, the plaintiff's complaint still fails. Accordingly, Judge Shirley's R&R [Doc. 3] is **ADOPTED IN ITS ENTIRETY**. This case is **DISMISSED WITHOUT PREJUDICE**, with leave for the plaintiff to re-file this case here or in state court.

## II. Plaintiff's Motion for Extension of Time to File Complaint and to Respond to the Report and Recommendation [Doc. 4]

Having already dismissed this case, the court **DENIES AS MOOT** the plaintiff's Motion for Extension of Time [Doc. 4].

## III. Conclusion

Judge Shirley's R&R [Doc. 3] is **ADOPTED IN ITS ENTIRETY**. This case is **DISMISSED WITHOUT PREJUDICE**, with leave for the plaintiff to re-file this case here or in state court. The plaintiff's Motion for Extension of Time [Doc. 4] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                              **ENTER:**

                                              s/Thomas W. Phillips
                                              UNITED STATES DISTRICT JUDGE